# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 15-7045**  **September Term, 2015**

1:14-cv-02209-CRC
1:15-cv-00208-CRC
1:15-cv-00277-CRC

**Filed On:**  September 23, 2015

United States of America, ex rel. Stephen Thomas Yelverton,

 and

Stephen Thomas Yelverton,

       Appellant

   v.

Federal Insurance Company,

       Appellee

------------------------------

Consolidated with 15-7046, 15-7047

     **BEFORE**:    Henderson, Rogers, and Pillard, Circuit Judges

### O R D E R

    Upon consideration of the motions to designate a panel from another circuit, which the court construes as motions for recusal of the members of this court, the oppositions thereto, and the replies; the motions to disqualify counsel (styled as motions to strike the entry of appearance), the oppositions thereto, and the replies; the motions for summary affirmance and the oppositions thereto; and the motion to dismiss or for summary affirmance and the opposition thereto, it is

    **ORDERED** that the motions for recusal be denied to the extent they seek recusal of the above-named judges.  See In re Brooks, 383 F.3d 1036, 1041 (D.C. Cir. 2004)

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 15-7045**　　　　　　　　　　　　　　　　**September Term, 2015**

(recusal warranted where the judges have "personal knowledge of disputed evidentiary facts" or their "impartiality might reasonably be questioned").  It is

　　　　**FURTHER ORDERED** that the motions to disqualify counsel be denied, as appellant has not shown that a violation of the Rules of Professional Conduct occurred. Kessenich v. Commodity Futures Trading Comm'n, 684 F.2d 88, 97 (D.C. Cir. 1982).  It is

　　　　**FURTHER ORDERED** that the motion to dismiss be denied.  The court takes judicial notice that the courthouse closed early on April 2, 2015, the deadline for filing the notices of appeal, and appellant filed them on the next open business day.  It is

　　　　**FURTHER ORDERED** that the motions for summary affirmance be denied.  The merits of the parties' positions are not so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

　　　　The Clerk is directed to enter a briefing schedule.

**Per Curiam**
