CASE SUBMITTED WITHOUT ORAL ARGUMENT

Docket No. 15-7045 and 15-7047 (Consolidated with 15-7046)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA, EX REL.
STEPHEN THOMAS YELVERTON

AND

STEPHEN THOMAS YELVERTON

*Appellants,*

v.

FEDERAL INSURANCE COMPANY

AND

WENDELL W. WEBSTER

*Appellees.*

**On Appeal from the United States District Court
for the District of Columbia**

**BRIEF OF APPELLEES**

Natalie S. Walker, Esq.
Webster & Fredrickson, PLLC
1775 K Street, NW, Suite 600
Washington, D.C. 20006
(202) 659-8510

Attorney of Record for Appellees

December 10, 2015

### Certificate of Parties, Rulings Under Review, and Related Cases

The undersigned counsel of record for Appellees certifies in connection with Docket No. 15-7045 as follows:

**A.    Parties appearing below:**

    1.    United States of America, Ex Rel.  Stephen Thomas Yelverton

    2.    Stephen Thomas Yelverton

    3.    Federal Insurance Company

By order dated April 30, 2015, this Court consolidated this Appeal with Appeal 15-7046 and 15-7047.  The parties before the District Court in 15-cv-00208-CRC were Stephen Thomas Yelverton, Deborah Marm, and Phyllis Edmundson.  The parties before the District Court in 14-cv-02209-CRC were Stephen Thomas Yelverton, Federal Insurance Company, and Wendell W. Webster. Neither Federal Insurance Company nor Wendell W. Webster appeared before the District Court in 15-cv-00208-CRC. No intervenors or amici have appeared before this Court in this matter.

**B.    Rulings under review**

    1.    Order Striking Appeal dated March 3, 2015 (Cooper), Doc. 4.

**C.    Related cases**

This case on review has not previously been before this Court.  Related

i

pending cases: United States Court of Appeals for the District of Columbia Circuit,

Case Nos. 11-7063, 13-7016, 14-7137, 14-7147, and 14-7149.

The undersigned counsel of record for Appellees certifies in connection with

Docket No. 15-7047 as follows:

**A.    Parties appearing below:**

    1.    United States of America, Ex Rel.  Stephen Thomas Yelverton

    2.    Stephen Thomas Yelverton

    3.    Federal Insurance Company

    4.    Wendell W. Webster

By order dated April 30, 2015, this Court consolidated this Appeal with

Appeal 15-7046 and 15-7045.  The parties before the District Court in 15-cv-00208-

CRC were Stephen Thomas Yelverton, Deborah Marm, and Phyllis Edmundson.  The

parties before the District Court in 15-cv-00277-CRC were Stephen Thomas

Yelverton and Federal Insurance Company. Neither Federal Insurance Company nor

Wendell W. Webster appeared before the District Court in 15-cv-00208-CRC.  No

intervenors or amici have appeared before this Court in this matter.

**B.    Rulings under review**

    1.    Order Striking Appeal dated March 3, 2015 (Cooper), Doc. 15.

## C.    Related cases

This case on review has not previously been before this Court.  Related pending cases: United States Court of Appeals for the District of Columbia Circuit, Case Nos. 11-7063, 13-7016, 14-7137, 14-7147, and 14-7149.

## Table of Contents

Table of Authorities..................................................................................................1

Glossary....................................................................................................................2

Statement of Issue Presented...................................................................................3

Statement of Applicable Appellate Review.............................................................3

Statement of Facts....................................................................................................3

Summary of Argument.............................................................................................8

Argument..................................................................................................................9

    I.    The District Court's pre-filing injunction extends to the appeal of Bankruptcy Court decisions...................................................................9

    II.   The Appellant argues issues not properly on appeal before this Court.......................................................................................................17

Conclusion..............................................................................................................18

Certificate of Compliance......................................................................................19

Certificate of Service.............................................................................................21

## Table of Authorities

Alcom Am. Corp. v. Arab Banking Corp., 48 F.3d 539 (D.C. Cir. 1995)................3

Anderson v. District of Columbia Pub. Defender Serv.,

881 F. Supp. 663 (D.D.C. 1995)................................................................12

B-K Lighting, Inc. v. Vision3 Lighting, 930 F.Supp.2d 1102

(C.D. Cal. Mar. 11, 2013)........................................................................17

Butler v. DOJ, 492 F.3d 440 (D.C. Cir. 2007)...........................................10

Caldwell v. Obama, 2013 WL 6094237, (D.D.C. Nov. 20, 2013)..........................12

Engel Industries, Inc. v. Lockformer Co., 166 F.3d 1379 (Fed. Cir. 1999)............17

In re Eagle-Pitcher Idus., Inc., 999 F.2d 969(6th Cir. 1993).....................3

In re Green, 669 F.2d 779 (D.C. Cir. 1981)...........................................10

In re Powell, 851 F.2d 427(D.C. Cir. 1988)...........................................10

In re Weisman, 5 F.3d 417 (9th Cir. 1993)................................................3

In re Yelverton, 12-1539 (D.D.C. Dec. 12, 2012).....................................16

In re Yelverton, No. 13-cv-1544, 2014 WL 3850052

(D.D.C. Aug. 6, 2014)........................................................................7,8

Kaufman v. IRS, 787 F. Supp. 2d 27 (D.D.C. 2011)................................12

Laitram Corp. v. NEC Corp., 115 F.3d 947(Fed. Cir. 1997)..................17

Stich v. United States, 773 F. Supp. 469 (D.D.C. 1991)..........................12

1

United States v. Philip Morris USA, Inc., 396 F.3d 1190 (D.C. Cir. 2005)...........17

Urban v. United Nations, 768 F.2d 1497 (D.C. Cir. 1985)..................................7,10

Yelverton v. Fox, 13-314 (D.D.C.)........................................................................11

Yelverton v. Senyi de Nagy-Unyom, 13-cv-74(D.D.C. Nov. 27, 2013)................11

## **Glossary**

| | |
|---|---|
| Appellant's Brief | Consolidated Brief and Addendum of In Forma Pauperis Debtor Appellant |
| Appellant(s) | Stephen Thomas Yelverton and/or United States of America, Ex Rel. Stephen Thomas Yelverton |
| Appellee(s) | Federal Insurance Company, the surety bond company for Chapter 7 Trustee, Wendell W. Webster and/or Wendell W. Webster, Chapter 7 Trustee |
| Bankruptcy Court | The United States Bankruptcy Court for the District of Columbia |
| District Court | The United States District Court for the District of Columbia |
| JA | Joint Appendix |
| Superior Court | The Superior Court of the District of Columbia |
| Trustee | Wendell W. Webster |
| Yelverton | Stephen Thomas Yelverton |

2

## Statement of Issue Presented

1.      Does the District Court's pre-fling injunction extend to the appeal of

Bankruptcy Court decisions?

## Statement of Applicable Appellate Review

This case involves a review of the District Court's Order Striking Appeal, and

is subject to *de novo* review. See Alcom Am. Corp. v. Arab Banking Corp., 48 F.3d

539 (D.C. Cir. 1995) (citing [e.]g., In re Weisman, 5 F.3d 417, 419 (9th Cir. 1993); In

re Eagle-Pitcher Idus., Inc., 999 F.2d 969, 972 (6th Cir. 1993)).

## Statement of Facts

On May 14, 2009, Appellant filed a voluntary petition for relief as a Debtor

under Chapter 11 of the Bankruptcy Code.  Among his assets, the Appellant listed his

ownership interests in various incorporated and unincorporated businesses, including

1,333 shares of stock in Yelverton Farms Yelverton Farms, which is a closely held

corporation owned by Appellant and his family.  Appellant filed various proposed

plans for the reorganization of his debts under Chapter 11.

On July 6, 2010, the U.S. Trustee filed a motion to convert the case to Chapter

7.  After observing Appellant's attempt to reorganize his finances for almost a year,

the U.S. Trustee concluded that the Appellant's only real hope of asset recovery

consisted of the forced sale of his stock in the Yelverton Farms business and a

3

possible action against his former spouse. The U.S. Trustee expressed concern, however, that the Appellant may not be the best representative for the estate to manage, negotiate or evaluate the liquidation of the Appellant's assets in the case.

On August 20, 2010, the Bankruptcy Court denied confirmation of the proposed reorganization plans filed by the Appellant and converted Appellant's case to Chapter 7. Wendell W. Webster, Esq. was appointed Chapter 7 Trustee in the case on September 9, 2010. Prior to the conversion of his case to Chapter 7, the Appellant filed several legal actions seeking, among other remedies, the recovery of funds for the payment of his creditors. On July 29, 2009, the Appellant filed a legal action in the North Carolina District Court, Case No. 5:09-cv-331-FL, against Yelverton Farms and the majority shareholders, seeking judicial dissolution and liquidation of Yelverton Farms or a mandatory buyout of his shares in the business.

On March 7, 2011, the North Carolina District Court entered an order finding that the Appellant lacked standing to assert these causes of action on the grounds that the claims constitute property of the bankruptcy estate. The North Carolina District Court directed the Trustee to file a Notice of Substitution or allow the case to be dismissed for lack of standing. On March 15, 2011, the Trustee filed a Notice of Substitution. The Appellant appealed the North Carolina District Court's substitution of the Trustee to the U.S. Court of Appeals for the Fourth Circuit (Case No. 11-1553).

4

The Fourth Circuit dismissed the Appellant's interlocutory appeal on November 17, 2011.

On March 23, 2012, the Trustee concluded negotiations with the defendants named by the Debtor in the North Carolina litigation for a full and complete settlement of all claims asserted by the parties.   In consideration of the mutual settlement and release of all claims, the estate received a lump sum cash payment of $110,000.  A motion for approval of the settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure was filed on May 4, 2012. An evidentiary hearing on the motion was convened on June 18, 2012.

Based upon the record in these proceedings and the testimony of the Trustee offered in support of the motion, the settlement was approved as a reasonable exercise of the Trustee's business judgment.  In so ruling, the Bankruptcy Court determined that the Trustee articulated good and sufficient justification to approve the settlement agreement and that the approval of the settlement and consummation of the terms is in the best interests of the Appellant and his creditors.  The Bankruptcy Court's approval of the settlement was affirmed by the District Court.  This Court also affirmed that the District Court's order affirming the Bankruptcy Court's order approving settlement.

After unsuccessfully challenging the validity of the settlement for the past three

years, the Appellant initiated two adversary proceedings in the Bankruptcy Court

against the Trustee and his surety bond company.

### Adversary Proceeding No. 14-10014

This adversary proceeding is the first of the two adversary proceedings filed

by the Appellant against the Trustee's surety.[1] The Appellant initiated the adversary

proceeding against the Trustee and his surety bond company to collaterally attack the

Trustee's settlement by alleging in his complaint that the Trustee breached his

fiduciary duties by negotiating and agreeing to the settlement terms.  The Bankruptcy

Court dismissed the Appellant's complaint because it failed to include well-pled facts

supporting the claims asserted, and the Appellant was simply re-litigating his

objections to the Trustee's settlement. The Appellant appealed the Bankruptcy

Court's dismissal to the District Court.  The District Court, however, struck the

appeal as a violation of its pre-filing injunction.

### Adversary Proceeding No. 14-10043

This was the second adversary proceeding filed by the Appellant after the

Bankruptcy Court's dismissal of the first adversary proceeding.  The Appellant

initiated this adversary proceeding against the Trustee's surety bond company to

---

[1]While the Appellant has filed two adversary proceedings against the Trustee's surety, the Appellant has filed a total of 17 adversary proceedings in the bankruptcy case against the Trustee and interested parties in an effort to collaterally attack the Trustee's settlement.

again collaterally attack the Trustee's settlement by alleging that the Office of the United States Trustee breached its fiduciary duty by failing to provide information regarding the Trustee's surety bond company. The Bankruptcy Court dismissed the adversary proceeding as a violation of the District Court's pre-filing injunction. The Appellant appealed the Bankruptcy Court's dismissal. The District Court subsequently struck the appeal as a violation of its pre-filing injunction.

**Pre-Filing Injunction**

Prior to the Appellant filing his complaint in Adversary Proceeding No. 14-10043 and during the pendency of Adversary Proceeding No. 14-10014 , the District Court issued an Order in In re Yelverton, No. 13-cv-1544, 2014 WL 3850052 (D.D.C. Aug. 6, 2014), which required the Appellant to seek leave from the District Court prior to filing any new civil actions in the District Court. [JA___] The District Court issued the Order as a sanction against the Appellant for his frivolous and abusive filings in the District Court and other courts, and his repeated attempts to harass individuals associated with the bankruptcy proceeding. The District Court's Order was affirmed by this Court on March 9, 2015 in Case No. 14-7147, holding that "the district court properly entered the pre-filing injunction based upon its determination such relief is necessary to ensure the 'orderly and expeditious administration of justice.' Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985)." [JA__]

7

The District Court's application of its pre-filing injunction to the Appellant's appeal of the Bankruptcy Court's decisions in Adversary Proceeding Nos. 14-10014 and 14-10043 is the subject of this appeal.

## Summary of Argument

The District Court properly applied its pre-filing injunction to Appellant's appeal of the Bankruptcy Court's decisions, based upon Appellant's failure to seek leave of the District Court to file these new actions. The Appellant maintains that the claims in his appeals were prior to the District Court's pre-filing injunction issued on August 6, 2014. Appellant's Brief at 39. However, both appeals were filed subsequent to the District Court's pre-filing injunction and constitute new civil actions filed in the District Court. The District Court's August 6, 2014 Order specifically states that "Appellant shall seek leave of this Court before filing any new civil action in this Court by filing a separate motion for leave to file, not to exceed three pages. In seeking leave to file any new complaint, the plaintiff must explain what new matters are raised to warrant the filing of a new complaint." In re Yelverton, No. 13-cv-1544, 2014 WL 3850052, at *5 (D.D.C. Aug. 6, 2014). In light of Appellant's egregious conduct in these proceedings, this pre-filing injunction necessarily has been applied to the appeal of bankruptcy decisions in order to provide for the orderly adjudication of these cases. The purpose of the District Court's pre-filing injunction is to prohibit

8

the Appellant's abusive filing practices.  The Appellant has constantly harassed the

Appellees throughout his bankruptcy case and has wasted the valuable time and

resources of the court.  Thus, the District Court properly issued an order striking the

Appellant's appeals to avoid any further harassment of the parties and to avoid further

misuse of the time and resources of the court.  The Appellant cites no error of law to

justify this appeal.  This appeal is yet another example of the Appellant's frivolous

and abusive filings.  Accordingly, the District Court's Order Striking Appeal must be

affirmed.

<u>**Argument**</u>

**I.      The District Court's pre-filing injunction extends to the appeal of
         Bankruptcy Court decisions.**

Throughout his bankruptcy case, the Appellant has embarked on a contentious,

disruptive and abusive course of litigation in connection with the administration of

his bankruptcy case.  Appellant has filed numerous frivolous and abusive pleadings

in state, as well as,  federal courts in an unsuccessful attempt to nullify various rulings

in his bankruptcy case.  He has wasted the time and resources of the courts, as well

as opposing counsel, and his contentious and abusive conduct has been criticized by

the U.S. District Court for the Eastern District of North Carolina, the Superior Court

of the District of Columbia, the U.S. Bankruptcy Court for the District of Columbia

and the U.S. District Court for the District of Columbia ("District Court").

The law is clear that "[t]he constitutional right of access to the courts "is neither absolute nor unconditional." <u>In re Green</u>, 669 F.2d 779, 785 (D.C. Cir. 1981). In response to a litigant who seeks to flood the courts with meritless claims and filings, the Court "has an obligation to protect and preserve the sound and orderly administration of justice." <u>Urban v. United Nations</u>, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (internal citations omitted). "[I]n fashioning a remedy to stem the flow of frivolous actions, a court must take great care not to 'unduly impair . . . [a litigant's] constitutional right of access to the courts.'" <u>Id</u>. (internal citations omitted). By the same token, if a litigant continues to abuse the judicial process by filing frivolous, duplicative, and harassing lawsuits, "a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." 768 F.2d at 1500.  In determining whether sanctions are appropriate for abusive filings, this Court considers the "number and content" of the filings and their effect on parties and the courts. <u>In re Powell</u>, 851 F.2d 427, 433–34 (D.C. Cir. 1988); <u>accord Butler v. DOJ</u>, 492 F.3d 440 (D.C. Cir. 2007). Before barring a *pro se* litigant from future filings, the district court must provide an opportunity for a hearing, develop a factual record, and "make substantive findings as to the frivolousness of numerous actions" and "any pattern constituting harassment." <u>Powell</u>, 851 F.2d at

10

431. The district court may only consider pending cases "for the limited purpose of determining whether the litigant has filed similar claims or for analyzing the prospective effect of the claims[.]" Id." [JA__]

Prior to making its decision to bar the Appellant from future filings in the District Court without first seeking leave of court, the District Court ordered the parties to brief the issue of injunctive relief and conducted a hearing on the matter. The District Court found that:

> The number of Yelverton's filings clearly indicates his penchant for unduly burdening the court system. In another of Yelverton's cases filed before this Court, Judge Wilkins denied Yelverton leave to file his appeal of bankruptcy court orders *in forma pauperis*, finding he was an abusive litigant. Judge Wilkins catalogued 38 cases or appeals—excluding his core bankruptcy proceeding—filed by Yelverton from 2009 to 2013. Memorandum Opinion, Yelverton v. Senyi de Nagy-Unyom, 13-cv-74, at 11 (D.D.C. Nov. 27, 2013). Since then, Yelverton has filed at least two additional cases in this Court and the Eastern District of North Carolina, along with two new adversary proceedings in bankruptcy court. Twelve of his cases have been dismissed for lack of standing and he has not succeeded in any of his appeals of bankruptcy and district court orders against him. Id. at 13–15. In these 40-plus cases, Yelverton has filed over 150 motions, including over 50 motions to reconsider, vacate, amend, or obtain relief from a judgment or order. In this Court alone, Yelverton has filed or intervened in 18 cases since 2010 and has filed approximately 72 motions. A particularly striking example of his penchant for abusive filings is Yelverton v. Fox, 13-314 (D.D.C.), where Yelverton sued the counsel for the District of Columbia Court of Appeals who had sat on the Hearing Committee that heard ethics charges against him. In that case, Yelverton filed, among other papers, eleven motions to amend or supplement his filings, four motions for preliminary injunctive relief, and seven motions or supplements to

11

motions to reconsider the Court's order dismissing the case. This Court has imposed pre-filing injunctions against plaintiffs who have filed a similar number or fewer frivolous filings. See Caldwell v. Obama, 2013 WL 6094237, at *11–12 (D.D.C. Nov. 20, 2013) (five cases involving over 100 court filings regarding the identical frivolous allegations); Kaufman v. IRS, 787 F. Supp. 2d 27, 29–30 (D.D.C. 2011) (15 *pro se* cases filed in federal courts over a ten year period, almost all of which had been dismissed); Anderson v. District of Columbia Pub. Defender Serv., 881 F. Supp. 663, 665 (D.D.C. 1995) (33 complaints "against a variety of prosecutors, defense counsel (including the Public Defender), judges, [and] the Bar Counsel of the District of Columbia Bar"); Stich v. United States, 773 F. Supp. 469 (D.D.C. 1991) (15 cases in the District Court for the District of Columbia over a five year period).

[JA____] Thus, under the circumstances of this case, it was entirely appropriate for the District Court to employ restrictive measures to prevent the continuation of the Appellant's abusive conduct and to preserve the integrity of the judicial system. Accordingly, the District Court's Order was affirmed by this Court. [JA__]

The District Court's pre-filing injunction required the Appellant to "seek leave of this Court before filing any new civil action in this Court by filing a separate motion for leave to file, not to exceed three pages. In seeking leave to file any new complaint, the plaintiff must explain what new matters are raised to warrant the filing of a new complaint." [JA____] The Appellant violated the District Court's pre-filing injunction when he failed to obtain permission from the District Court to pursue his appeals from the Bankruptcy Court's decisions issued in Adversary Proceeding Nos. 14-10014 and 14-10043. It is clear that when an appeal ensues from the Bankruptcy

12

Court, the appeal is assigned a civil action number in the District Court. [JA___] The issuance of this civil action number creates a new civil action filed in District Court, which, in this case, is subject to the District Court's pre-filing injunction. The purpose of the District Court's pre-filing injunction is to prohibit the Appellant's abusive filing practices. The District Court intended to "guard against the courts being clogged with further frivolous civil actions filed by Yelverton." [JA___]

The Appellant has pursued this litigation *pro se* and his conduct in these appeals, as well as in other related litigation, demonstrates a history of vexatious, harassing and duplicative litigation. Previous rulings of courts in related matters call into question Appellant's good faith objective motives in pursuing many of his contentious claims and the litigation of these frivolous and duplicative actions has placed an enormous burden on opposing counsel and the courts. Other courts have deemed it appropriate to impose pre-filing injunctions against the Appellant in matters involving issues related to the cases currently on appeal in this Court.

The Bankruptcy Court issued an Order Suspending Response Deadlines in connection with the Appellant's frivolous motions. Specifically, the Bankruptcy Court ordered that the deadline for the filing of any response to any future motions filed by the Appellant be suspended as to the Appellees pending further order of the court. The Bankruptcy Court further ordered that in the event the court deems that

13

the Appellant has filed a motion to warrant awaiting a response, the court will issue

an order setting a response deadline.  In a memorandum decision and order, the

Bankruptcy Court explained that:

> The court's order suspending response deadlines seeks, in part, to
> protect the trustee and parties to the settlement from having to
> respond to any further frivolous motions seeking to attack the
> settlement.  The order extends beyond that, however, because the
> debtor's vexatious motions have extended beyond that.
> Yelverton's vexatious litigiousness threatens to cause the estate
> to incur attorney's fees that will exhaust the proceeds of the
> settlement.

[JA____]

The record in the bankruptcy case is replete with instances in which the

Appellant has pursued frivolous, untimely, or procedurally improper motions,

including frivolous motions seeking to vacate orders based on arguments that could

have been presented at the hearings leading to the orders.  Id.  The Bankruptcy Court

has issued numerous memorandum decisions and orders addressing the Appellant's

frivolous motions, namely:

| Docket No. of Motion | Docket No. of Memorandum Decision Addressing Motion |
| --- | --- |
| 118 | 137 |
| 150 and 172 | 264 |
| 331 | 355 |
| 362 | 372 |

14

| 483 | 506 |
| 555 | 564 |
| 595 | 596 |
| 611 | 613 |
| 619 | 621 |
| 666 | 681 |
| 693 | 695 |
| 702 | 704 |

Id.

Similarly, the Appellant has filed frivolous motions in the domestic relations case filed in the Superior Court of the District of Columbia, Case No. 2008 DRB 00325. In it's Order of March 26, 2013, the Superior Court noted as follows:

> Impressively, to date, the Court has considered 72 motions since the filing of the Complaint for a Judgment of Absolute Divorce, which case was filed October 28, 2008. Fifty-four of such motions were filed prior to the court of appeals' remand, and the Court has fielded 18 motions since the remand. This seems to the Court as most irregular and has indeed the smell of abusiveness.

[JA__]

In so ruling, the Superior Court expressed its concerns about how Mr. Yelverton, the Appellant, has used the court systems. Id. at 4. Finally, as to the issue of Appellant's good faith intentions, the Superior Court concluded that:

> ...Defendant [Appellant] himself is responsible for necessitating the Court's examination of the filings in the bankruptcy court, as it was he who informed the court that the alleged marital property at issue was being disposed of in the bankruptcy proceeding. It is disingenuous of Defendant to raise objections to the Court's comprehensive examin-

15

ations of the bankruptcy filings and settlement, when Mr. Yelverton
clearly intended strategically to confuse all the issues by asserting the
intersection between matters before the bankruptcy court and the issues
in this divorce case.

Id. at 3.

Former District Court Judge, Robert Wilkins, also issued a pre-filing injunction
in one of the Appellant's bankruptcy appeals because the Appellant had filed
numerous supplemental pleadings after the appeal had been fully briefed. In re
Yelverton, 12-1539 (D.D.C. Dec. 12, 2012) ("Yelverton shall refrain from filing
additional documents without first seeking leave of Court.")

Indeed, the Appellant's abusive and irresponsible conduct throughout his
bankruptcy case supports the District Court's issuance of this pre-filing injunction
against the Appellant and the application of the injunction to the Appellant's appeals
from Bankruptcy Court decisions. It is also important to note that in striking these
appeals, the District Court ruled that "[a]ppellant may seek to refile his appeal by
following the requirements set forth in the Court's prior [August 6, 2014] order."
[JA___].  Accordingly, the Appellant was directed to the appropriate procedure for
filing of an appeal in this matter.  In so ruling, the District Court took affirmative
steps to preserve the Appellant's right of access to the courts.  Nonetheless, the
Appellant chose to ignore this process and in so doing he has continued his pattern

of harassment and abuse.

Under the circumstances, the District Court properly extended its pre-filing injunction to the Appellant's appeal from the Bankruptcy Court's decisions. The Appellant's appeals are precisely the type of civil proceedings that the District Court's pre-filing injunction was designed to prevent.

## II.    The Appellant argues issues not properly on appeal before this Court.

In his notice of appeals, the Appellant appeals to this Court only the District Court's March 3, 2015 Order Striking Appeal. [JA__] However, the Appellant's brief includes issues that are not presently before this Court. The law is clear that "the scope of the issues presented to and decided by the court of appeals is measured by the scope of the judgment that is appealed." B-K Lighting, Inc. v. Vision3 Lighting, 930 F.Supp.2d 1102, 1114 (C.D. Cal. Mar. 11, 2013); Engel Industries, Inc. v. Lockformer Co., 166 F.3d 1379, 1382 (Fed. Cir. 1999); Laitram Corp. v. NEC Corp., 115 F.3d 947, 952 (Fed. Cir. 1997). Both commentators and courts have consistently observed that the scope of the issues open to the court of appeals is closely limited to the order appealed from [and] the court of appeals will not consider matters that were ruled upon in other orders. United States v. Philip Morris USA, Inc., 396 F.3d 1190, 1212 (D.C. Cir. 2005). This appeal relates to the authority of the court to impose injunctive remedies to ensure the orderly administration of justice. The

Appellant has failed to offer any factual or legal basis demonstrating that the injunctive relief imposed by the District Court is inappropriate in these cases. Rather, the Appellant has used these appeals to reargue issues previously resolved and to continue a pattern of abusive conduct and harassment of opposing parties and their counsel. The Appellant's brief is simply misleading and a classic example of the Appellant's frivolous filings. For example, the Appellant states that the Trustee "committed the Predicate act of witness tampering," without any factual or justifiable basis. Appellant's Brief at 31. In addition, the Appellant accuses the Trustee of being a party to a conspiracy. Appellant's Brief at 29. This "conspiracy" argument was thoroughly addressed and resolved by the Bankruptcy Court. The Appellant should not be allowed to continue this harassment and abuse.

## III.    Conclusion.

For the foregoing reasons, the Appellees respectfully request that this Court affirm the District Court's Order Striking Appeal.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7) (C) and D.C. Circuit Rule 32(a), the undersigned counsel certifies as follows:

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) and D.C. Circuit Rule 32(a) because the brief contains 4,874 words, excluding portions of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and D.C. Circuit Rule 32(a)(1). This calculation was made using the word-count function on Word Perfect X6, the word processing program used to prepare this brief.

This brief complies with the typeface requirement of the Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because the brief has been prepared in a proportionally spaces typeface using Word Perfect X6 in 14 point Times New Roman.

/s/Natalie S. Walker
Natalie S. Walker

December 10, 2015

Dated: December 10, 2015        Respectfully submitted,

WEBSTER & FREDRICKSON, PLLC


/s/ Natalie S. Walker
Natalie S. Walker
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2015, a true and correct copy of the foregoing Brief of Appellees was served via the Court's CM/ECF system or by first class mail, postage prepaid on:

Stephen Thomas Yelverton
601 Pennsylvania Ave., N.W.
Suite 900 South
Washington, D.C. 20004

Jeffrey L. Tarkenton
Womble Carlyle Sandridge & Rice, LLP
1200 Nineteenth Street, N.W.
Suit 500
Washington, D.C. 20036

/s/ Natalie S. Walker
Natalie S. Walker
1775 K Street, N.W., Suite 600
Washington, D.C. 20006
(202) 659-8510